UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA WALLACE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant. | Civil Action No. 18-cv-2539 (CKK) |

OPINION
(March 25, 2019)

Plaintiffs in this case, Barbara Wallace and Bahri Lynn Wallace, bring claims for racial discrimination and false imprisonment against Defendant, Costco Wholesale Corporation. These claims arise out of a May 23, 2018 incident that occurred in Anne Arundel County, Maryland. Defendant has filed a Motion to Dismiss Plaintiffs' Complaint. ECF No. 4. In that Motion, one ground that Defendant presents in support of dismissal is lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). ECF No. 4-1, 7-12. First, Defendant alleges that this Court lacks general personal jurisdiction because Washington state is Defendant's place of incorporation and principal office, and Defendant has no continuous systematic contacts with this forum. Compl., ECF No. 1, ¶ 2 (explaining that Defendant is incorporated in Washington where it also maintains its principal place of business). Second, Defendant contends that specific personal jurisdiction is precluded because all of the events underlying this controversy occurred in in Anne Arundel County, Maryland. *Id.* at ¶¶ 7-19 (explaining that Plaintiffs were in Anne Arundel County, Maryland when all relevant events occurred). In their Opposition to Defendant's Motion, Plaintiffs "stipulate that this Court lacks personal

1

jurisdiction over the defendant Costco Wholesale Corporation." ECF No. 7, 1. Rather than dismissing the case for lack of personal jurisdiction, Plaintiffs request that this Court transfer the case to the United States District Court for the District of Maryland.

"For convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Although the decision to transfer or dismiss is committed to the discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." *Benton v. Bank of Am. Corp.*, 159 F. Supp. 3d 89, 93 (D.D.C. 2016). In this case, dismissal and refiling in the appropriate court would only serve to unduly delay the resolution of this matter.  Given that it will not meaningfully prejudice Defendant, and it will lead to a more efficient and timely resolution of Plaintiffs' claims on their merits, the Court finds that transferring Plaintiff's case is a more appropriate course of action than dismissing it.

The Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the District of Maryland. Plaintiffs consent to a transfer of the case to that court. ECF No. 7, 1. And, in its Motion, Defendant concedes that the incident giving rise to Plaintiffs' claims occurred in Maryland, providing Maryland courts with specific personal jurisdiction over the case. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1780 (2017) (explaining that, in order for a court to have specific jurisdiction, "the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum" (internal quotation marks omitted)). Additionally, the fact that the events giving rise to Plaintiffs' claims all occurred in

Maryland makes Maryland a proper venue for the case. 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

In the interest of justice, the Court **ORDERS** that this action be **TRANSFERRED** to the United States District Court for the District of Maryland, Northern Division.  Because the Court transfers this case, it will **DENY** Defendant's motion to dismiss to the extent that motion sought dismissal for improper venue and lack of personal jurisdiction and will **HOLD** that motion **IN ABEYANCE** to the extent it challenged Plaintiffs' alleged failure to state a claim upon which relief may be granted. That aspect of Defendant's motion will need to be resolved by the United States District Court for the District of Maryland after transfer.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　United States District Judge